# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| JERRY DARNELL | PETITIONER |
| vs. | CIVIL ACTION NO.: 1:12cv172-MPM-JMV |
| LOWNDES COUNTY JAIL | RESPONDENT |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is the pro se petition of Jerry Darnell (# 144544), a pretrial detainee formerly housed at the Lowndes County Adult Detention Center, seeking federal habeas relief pursuant to 28 U.S.C. § 2241, and Respondent's motion to dismiss the petition for failure to state a claim under Federal Rule of Civil Procedure 12(b). Petitioner has responded to the motion to dismiss. Upon due consideration, the Court finds that Respondent's motion should be granted and the petition dismissed, for the reasons that follow.

### Facts and Procedural History

On August 10, 2012, Petitioner was indicted for one count of aggravated assault in the Circuit Court of Lowndes County, Mississippi (Case No. 2012-0400-CRI).[1] The indictment was served and capias executed on August 20, 2012.[2] The docket sheet from the Lowndes County Circuit Clerk's Office shows that Petitioner was set to have a bond hearing on August 31, 2012, and a trial date has been scheduled for December 4, 2012.[3] On or about August 1, 2012,

---

[1] *See* Resp't Ex. A.

[2] *See* Resp't Ex. B.

[3] *See id.*

1

Petitioner filed the instant petition for writ of habeas corpus, alleging that he has been improperly denied a preliminary hearing in violation of his civil rights and in violation of the "twelve day rule."[4] He requests that this Court dismiss the charge pending against him, release him from custody, and allow him to file a wrongful incarceration suit based upon the alleged violation of his right to a preliminary hearing.[5]

## Law and Analysis

Because he has not yet been convicted, Petitioner is a pretrial detainee who has the right to seek federal habeas relief, but that relief "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). Courts have recognized "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citation omitted). A pretrial detainee who files a habeas petition in "an attempt to dismiss an indictment or otherwise prevent a prosecution" is seeking an objective that is "normally not attainable through federal habeas corpus." *Id.* To the extent Petitioner is attempting to prevent the State from following through with its prosecution of him on the pending charge, he is seeking to "abort" or "disrupt" the normal and "orderly functioning of state judicial processes" and no federal intervention is warranted. *Brown*, 530 F.2d at 1282-83 (citations

---

[4] Pet. at 7-8.

[5] *Id*. at 9.

omitted); *see also Dickerson*, 816 F.2d at 225 ("[F]ederal courts should abstain from the exercise of [] jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner."). In this case, the Court does not find any "special circumstances" to exist that would warrant federal intervention into the criminal charges pending against Petitioner in State court. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Therefore, Petitioner fails to state a claim upon which relief can be granted, and Respondent's motion should be granted.

Alternatively, and to the extent Petitioner has raised a speedy trial claim, the Court finds no evidence that Petitioner has filed a motion for a speedy trial in the circuit court.[6] By failing to first seek relief in State court, he has not provided the State with a fair opportunity to address his claims. *See, e.g., Dickerson*, 816 F.2d at 225. Therefore, the instant petition is also properly dismissed due to Petitioner's failure to exhaust his State court remedies.

Additionally, the Court notes that, to the extent Petitioner seeks money damages through a civil suit against Respondent for wrongful imprisonment, such claims must be brought pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). As such, this claim will be dismissed for failure to state a federal habeas corpus claim.

## Conclusion

Because Petitioner seeks a dismissal of a pending criminal charge and release from custody, rather than the enforcement of certain procedures allegedly denied him, he seeks relief that is unavailable in federal habeas. The Court otherwise finds Petitioner has failed to exhaust

---

[6] *See, e.g.*, Resp't Ex. B.

his State court remedies. Therefore, Respondent's motion to dismiss for failure to state a claim upon which habeas relief can be granted (doc. entry no. 5) is **GRANTED** and the instant petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. Any pending motions are dismissed as moot. A separate judgment in accordance with this opinion and order will be entered today.

**SO ORDERED**, **THIS** the 24th day of September, 2012.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**